■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RIVERA, Appellant. — Judgment, Supreme Court, Bronx County (Ramos, J.), rendered September 9, 1980, convicting defendant of robbery in the second degree and sentencing him to an indeterminate term of two to six years, unanimously reversed, on the law, and the matter remanded for a new trial. At about 5:25 A.M. on July 18, 1979 and within 5 to 10 minutes after he had been robbed, Michael Sumter, the victim, who was cruising the neighborhood in a marked police vehicle with two officers, spotted the two perpetrators, one of whom was defendant. After losing sight of the two for about 30 seconds defendant was seen again, this time exiting from an abandoned building, and was immediately identified by the victim. The officers got out of their ·vehicle and approached defendant from behind. When one of them ordered him to halt, defendant threw a brown paper bag over a fence into an alley. He was arrested and the bag retrieved. Although it contained a watch, the watch was not the victim's. In fact, his watch was never recovered. After ruling at the close of the *Wade* hearing that evidence of the bag would be excluded because of its irrelevance, the same Justice at the trial permitted, over objection, testimony about the bag-throwing incident as well as that when the bag was retrieved a watch was found inside. Defense counsel, of course, established in cross-examination that the victim's watch was not in the bag. We believe that the reception of this evidence was improper and requires a reversal and new trial.

Since it was in no way connected to the robbery of Sumter, the evidence about the bag and its contents could only have the effect of leaving the jury with the impression that defendant had committed a similar but uncharged crime. Unless it constitutes evidence of a crime, one does not ordinarily disgorge himself of a watch upon a police command to stop. Evidence of an uncharged crime introduced solely to show that a defendant is of a criminal disposition and therefore likely to have committed the crime charged is inadmissible. (See, e.g., *People v McKinney,* 24 NY2d 180, 184; *People v Schwartzman,* 24 NY2d 241, remittitur amd 24 NY2d 914, cert den 396 US 846.) Although the jury was told to disregard the testimony that the bag contained a watch, defense counsel had no choice but to show that the watch recovered from the bag was not Sumter's. We reject the argument that this evidence was admissible as reflecting a consciousness of guilt since the bag and its contents were not in any way connected to the Sumter robbery. Even if it were remotely relevant, such relevance was far outweighed by the prejudicial effect of the evidence. (See *People v Davis,* 43 NY2d 17, 27, cert den 435 US 998; *People v Feldman,* 296 NY 127, 137.) Evidence of consciousness of guilt has little probative value. (*People v Leyra,* 1 NY2d 199.) Two other points deserve comment. On Friday afternoon at 3 o'clock after the People had rested, defense counsel requested a continuance until Monday morning to accommodate the calling of the only defense witness, who was away on vacation and not expected back until Monday. This witness, a Legal Aid investigator, would have testified to an interview with the victim wherein the victim gave a version of the incident which in three instances contained minor discrepancies from the victim's testimony. Defense counsel had laid the appropriate foundation for such testimony. Although this witness' testimony would appear to us to have little probative value, the inconvenience to the court's schedule was so minimal that we are persuaded that the court would have been better advised to have granted the continuance. We would not, however, on this record, reverse on that ground. Finally, we note that a major part of defendant's brief is devoted to the claim that defendant was deprived of a fair trial by the prosecutor's conduct. While the prosecutor's conduct was far from a model of courtroom decorum, it hardly rises to the level of prosecutorial misconduct. What it does reflect is inexperience. For instance the prosecutor found it difficult to appreciate that the function of an opening is not to deliver a summation, but, rather, to give the court and jury a brief outline of the People's case. On the other hand, inexperience hardly justifies a refusal to abide by the court's rulings. With those comments made, we reverse solely because of the reception of the evidence of the paper bag and its contents, the watch. Concur — Kupferman, J. P., Sullivan, Silverman, Asch and Milonas, JJ.