■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PARKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered April 29, 1985, convicting him of burglary in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In a burglary case, the element of intent to commit a crime within a building entered unlawfully must normally be proven by circumstantial evidence since it is rare that a perpetrator will openly declare his intent to commit a crime *(see, People v Barnes,* 50 NY2d 375, 381; *People v Castillo,* 47 NY2d 270, 277). In this case, the jury could reasonably conclude from the facts proved and the inferences which could be drawn therefrom that the defendant intended to commit a crime in the subject premises. As a result, there was sufficient evidence in this case to establish the element of intent with regard to the charge of burglary in the third degree *(see, People v Barnes, supra; People v Castillo,* 47 NY2d 270, *supra).*

The defendant's claim, that it was reversible error to allow Officer McGovern to testify as an expert that the tools found in the defendant's possession at the time of his arrest (i.e., screwdrivers, pliers, and a flashlight) were burglar's tools, is unpreserved for appellate review (CPL 470.05 [2]), and in any event, is without merit. It was not an abuse of discretion for the trial court to allow expert testimony as to whether these items were burglar's tools since what tools and instruments are used in the crime of burglary is not within the common knowledge or experience of the average layperson *(see, People v Cronin,* 60 NY2d 430, 432-433; *Selkowitz v County of Nassau,* 45 NY2d 97, 101-102). The defendant did not request a special charge to the jury on the assessment of expert testimony, nor did he object to the charge as given. Thus, his present claim that the court aggravated the error of admitting expert testimony by not giving such a special charge is unpreserved for appellate review *(People v Harris,* 107 AD2d 761, 762). Moreover, there is no basis for reversal in the interest of justice as the charge given fully and properly instructed the

jury on the law relevant to this case, including the principles applicable to the assessment of Officer McGovern's testimony *(see, People v Canty,* 60 NY2d 830, 831-832).

It was error for the court to allow into evidence the stereo equipment which was found inside the duffel bag that was in the defendant's possession at the time of his arrest. There was no allegation or proof that the defendant had stolen that equipment from within the subject premises, or even that the equipment belonged to anyone other than the defendant. The equipment was not connected with the alleged burglary in any respect which would make it relevant to an issue in the case *(see, People v Mirenda,* 23 NY2d 439, 453; *People v Baker,* 103 AD2d 749, 750; *People v Rivera,* 88 AD2d 892). However, in view of the overwhelming evidence of the defendant's guilt, and the fact that there was no significant probability that the defendant would have been acquitted if the stereo equipment had been excluded, the error resulting from its admission was harmless *(see, People v Crimmins,* 36 NY2d 230, 241). Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.