501 So.2d 94 (1987)
Joe Haden JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. BI-41, BI-222.
District Court of Appeal of Florida, First District.
January 20, 1987.
*95 Joe Haden Johnson, pro se.
Jim Smith, Atty. Gen., and Maria Ines Suber, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Johnson appeals his judgment and sentence for attempted escape, alleging the trial court erred on the following grounds: (1) in denying his motion for discharge under the speedy trial rule, (2) in denying his motions for judgment of acquittal, (3) in denying his ore tenus motion to represent himself, and (4) in finding the information adequate to vest jurisdiction in the trial court. We affirm, but consider the circumstances of this case warrant further discussion.
Johnson was tried before a jury and found guilty as charged of attempted escape from the custody of the Department of Corrections Reception and Medical Center (RMC) at Lake Butler. The specifics surrounding the attempted escape are set forth in the "Arrest/Sworn Complaint" filed with the clerk on December 28, 1984, which stated in relevant part:
Inmate Johnson did on December 15, 1984, at approximately 1:57 PM, climb the RMC perimeter fence between Towers # 5 and # 6, and attempt to escape; inmate Johnson was downed by rifle fire from Towers # 5 and/or # 6. He was returned to the RMC Hospital for treatment of his wounds and is now in the custody of the Department of Corrections.
On January 2, 1985, an order was entered finding Johnson insolvent as defined by law, and appointing the public defender to represent him. The information charging Johnson with attempted escape was filed on January 18, 1985. Subsequently, Johnson's appointed counsel filed a demand for copy of the information and a written plea of not guilty. The written not-guilty plea bears the signature of counsel, but was not signed by Johnson. Thereafter, Johnson's appointed counsel proceeded with discovery.
On June 28, 1985, Johnson filed a pro se motion for discharge, alleging (1) that he had been arrested on December 15, 1984, for attempted escape; (2) that he had been *96 continuously available for trial since that date; (3) that more than six months had elapsed since the date of his arrest; and (4) that he had not waived his right to speedy trial and had not caused a delay in trial.
A jury was selected on July 22, 1985. Then on July 23, 1985, Johnson filed a pro se motion to dismiss, challenging the sufficiency of the information to charge a criminal offense. The case proceeded to trial on July 25, 1985.
In chambers before trial began, Johnson's counsel advised the trial court that he had not received a copy of the pro se motion to discharge, and had only become aware of the motion on July 22, 1985, when the jury was selected. Defense counsel adopted the thrust of the pro se motion, and asked the trial court to entertain an ore tenus motion to discharge. The trial court ruled that the order appointing counsel marked the point for commencement of the speedy trial rule, but found the pro se motion for discharge a nullity, because Johnson was represented by counsel at the time he filed his pro se motion. The court then received defense counsel's ore tenus motion of July 25, 1985. The ore tenus motion for discharge was also denied, because Johnson was brought to trial within the time period required by the rule. Fla. R.Crim.P. 3.191(i)(4).
We find no error on the part of the trial court with respect to any of the issues raised in this appeal, and therefore affirm on all points. However, because our examination of the record raises a serious question concerning the possible failure of Johnson's counsel to advise Johnson that counsel had been appointed to represent him, and the possibility of prejudice to Johnson as a result thereof, our affirmance is without prejudice to Johnson's right to file a claim for ineffective assistance of counsel.
Accordingly, the judgment and sentence are affirmed, with reservation of Johnson's right to file a motion pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel.
MILLS and SHIVERS, JJ., concur.