■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN REILLY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered May 10, 1985, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In a burglary case, the element of intent to commit a crime within the building unlawfully entered must normally be proven by circumstantial evidence, since it is unusual that a perpetrator will openly declare his intent to commit a crime (see, People v Barnes, 50 NY2d 375, 381; People v Parker, 125

AD2d 340). In this case, the defendant was found by the police lying in a bed on the second floor of the complainant's dwelling. The lock on the outer basement door had been cut off, and the inner basement door had been broken off its hinges. The basement and the main floor had apparently been ransacked and were in complete disarray. The defendant admitted he did not have permission to enter the building. Most significantly, inside his jacket pocket were various items which came from the house and belonged to its owner, the complainant. The jury could rationally infer from this evidence that the defendant, beyond a reasonable doubt, had unlawfully entered the complainant's dwelling with the intent to commit a crime. There was consequently sufficient evidence in this case to establish the element of intent with regard to the charge of burglary in the second degree (see, People v Barnes, supra; People v Parker, supra).

The defendant further submits that he was deprived of his right to effective assistance of counsel by virtue of certain allegedly unwise tactics employed by his trial counsel in selecting the jury, and by his trial counsel's failure to obtain a certain witness to testify at trial. It is apparent from the record that the testimony of this individual would have been cumulative of the testimony of two witnesses who, in addition to the defendant, testified on the defendant's behalf at trial. Thus, the defendant clearly suffered no significant prejudice as a result of the defense counsel's failure to obtain this witness. It is well settled that courts should not second-guess the trial tactics employed by defense attorneys and we observe this maxim with regard to the tactics employed by the defense counsel during jury selection in the instant case (see, People v Lane, 60 NY2d 748, 750; People v Aiken, 45 NY2d 394, 399; People v Morris, 100 AD2d 630, 631, affd 64 NY2d 803). Overall, the record reflects that the defendant's counsel competently represented him in pretrial motions and at the trial, and afforded him "meaningful representation" as required by the Constitution (see, People v Baldi, 54 NY2d 137, 147). Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.