■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN CHANG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered February 23, 1981, convicting him of attempted murder in the first degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the relative credibility of his own testimony as compared to that of the People's witnesses created a reasonable doubt as a matter of law with respect to his guilt of attempted murder in the first degree lacks merit. It is well settled that the determination of credibility is a matter within the domain of the trier of fact (People v Shapiro, 117 AD2d 688, lv denied 67 NY2d 950; People v Di Girolamo, 108 AD2d 755, lv denied 64 NY2d 1133), and the jury's determination in this case was clearly rational. As a result, there is no basis for the claim that the evidence presented created a reasonable doubt as a matter of law as to the defendant's guilt of attempted murder in the first degree (see, People v Carter, 63 NY2d 530, 537). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt (CPL 470.15 [5]).

The defendant's various claims of prosecutorial misconduct were not raised at trial, and are all unpreserved for appellate review (see, People v Dordal, 55 NY2d 954, 956, rearg dis-

*missed* 61 NY2d 759; *People v George,* 108 AD2d 870, 871). Moreover, while certain of the prosecutor's comments and questions were not commendable, they were not so egregious as to deprive the defendant of his fundamental right to a fair trial *(People v Hopkins,* 58 NY2d 1079, 1083; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Thus, we find no basis for reversal in the interest of justice. We note that although the prosecutor's statement that the trial was "a search for the truth * * * not a search for reasonable doubt" was clearly improper *(People v Brown,* 111 AD2d 248, 250), this error was rendered harmless by the overwhelming evidence of the defendant's guilt and the trial court's extensive instructions on the presumption of innocence, the prosecution's burden of proof, and the meaning of "reasonable doubt" *(People v McCorkle,* 119 AD2d 700, 701, *lv denied* 67 NY2d 1054).

Although the defense counsel should have been more vigilant in objecting to various comments and questions made by the prosecutor, and perhaps also erred in not making a pretrial *Sandoval* motion, we cannot say that the defendant was denied his constitutional right to effective assistance of counsel. Viewed in their totality, the defense counsel's efforts on behalf of the defendant afforded him "meaningful representation" *(see, People v Baldi,* 54 NY2d 137, 147). He made other appropriate pretrial motions, vigorously cross-examined the People's witnesses, carefully elicited the defendant's own testimony, and forcefully set forth the defense case in his summation. Considered as a whole, therefore, his performance was sufficiently competent to satisfy the defendant's constitutional right to effective assistance of counsel *(see, People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803; *People v Reilly,* 128 AD2d 649).

We have reviewed the defendant's other contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.