■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 21, 1986, convicting him of criminal sale of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence that the defendant was the individual who sold heroin to undercover Police Officer Forte was clear and strong. Forte had an opportunity to view the defendant from a close distance for approximately two minutes during the sale, and identified him approximately five minutes thereafter when he was arrested. There were no significant gaps or

inconsistencies in her testimony. Accordingly, the evidence established the defendant's guilt of criminal sale of a controlled substance in the third degree beyond a reasonable doubt and the verdict was not against the weight of the evidence (see, CPL 470.15 [5]; *People v Chang,* 129 AD2d 722).

Most of the defendant's claims of prosecutorial misconduct were not raised at trial, and consequently are unpreserved for appellate review (see, *People v Dordal,* 55 NY2d 954, 956, *rearg dismissed* 61 NY2d 759; *People v Chang, supra*). Other than those few remarks by the prosecutor to which the trial court sustained the defendant's objections, the remainder of the prosecutor's summation constituted either fair comment on the evidence or a fair response to the defense summation (see, *People v Reichbach,* 131 AD2d 515; *People v Seldon,* 128 AD2d 742). Moreover, the defendant was not prejudiced by any of the prosecutor's statements (see, *People v Galloway,* 54 NY2d 396, 401; *People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.