■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bianchi, J.), rendered September 25, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We agree with the hearing court that the defendant's pretrial identification was not unduly suggestive. Great weight must be accorded the determination of the hearing court with its particular advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761), and that deter-

mination should not be disturbed where it is supported by the record *(People v Gee,* 104 AD2d 561). In any event, the hearing court found that the complaining witness had seen the defendant about 25 times before the crime occurred. Therefore, she had an independent basis for identifying him in court *(see, People v Adams,* 53 NY2d 241).

A review of the claimed instances of prosecutorial misconduct shows that they were either unpreserved (CPL 470.05 [2]) or that the court sustained the defense counsel's objections and he requested no curative instructions, indicating that he was satisfied that any error had been cured *(see, People v Irby,* 112 AD2d 447). In any event, the defendant's identification by the complaining witness was so compelling that there is no significant possibility that the jury would have acquitted him but for the claimed improprieties, and any error was thus harmless *(see, People v Johnson,* 57 NY2d 969; *People v Crimmins,* 36 NY2d 230, 242).

Unavailing is the defendant's argument that he was prejudiced by the trial court's supplemental instructions to the jury. The Criminal Procedure Law provides that "[a]t the conclusion of * * * summations, the court must deliver [its] charge to the jury" (CPL 300.10 [1]). It must state the fundamental legal principles applicable, but it need not marshal the evidence except to the extent necessary to explain the application of the law to the facts of the case (CPL 300.10 [2]). In this case, the trial court briefly referred to the complainant's testimony in order to explain the application of the law to the facts. The jury, hearing the whole charge, would have gathered from its language the correct rules to apply in arriving at its verdict, and reversal of the defendant's conviction is not warranted *(see, People v Canty,* 60 NY2d 830).

Finally, power to grant a new trial on the ground of newly discovered evidence is of statutory origin and strict compliance with the statute is necessary *(see, People v Salemi,* 309 NY 208, 215). CPL 330.40 (2) (a) provides that a motion to set aside a verdict if new evidence has been discovered since the trial "must be in writing and upon reasonable notice to the people. The moving papers must contain sworn allegations, whether by the defendant or by another person or persons, of the * * * existence of all facts essential to * * * the motion". Here, the defense counsel orally moved to set aside the verdict at sentencing and he presented no affidavits to the court. Therefore, the statutory requirements were not complied with in this case. Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.