UNITED STATES of America

v.

**Donald DURDEN.**

**No. HCR 87–95.**

United States District Court,
N.D. Indiana,
Hammond Division.

Nov. 10, 1987.

Donald Durden, pro se.

### ORDER

MOODY, District Judge.

This matter is before the court on a motion for a hearing on the admissibility of coconspirator's statements filed personally by defendant Donald Durden on November 2, 1987. Durden was charged in a two-count indictment on August 27, 1987 and made his initial appearance before a federal magistrate on September 23, 1987. At his initial appearance, Durden claimed he could

not afford an attorney and requested that the court appoint him counsel. The magistrate found that Durden was indigent and appointed Ray L. Szarmach to represent him. *See* 18 U.S.C. § 3006A.

Because Durden's present motion was prepared and filed without the assistance or apparent knowledge of his court-appointed counsel, the court will not consider his motion.

### I.

██ A defendant in a criminal case has the right to represent himself or to be represented by counsel, but there is no right to both or a "hybrid" representation, 28 U.S.C. § 1654; *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 953–54, 79 L.Ed.2d 122 (1984); *United States v. Anderson*, 716 F.2d 446, 449 (7th Cir.1983); *United States v. Trapnell*, 638 F.2d 1016, 1026–27 (7th Cir.1980); in fact, courts have generally held that these two rights are mutually exclusive. *See United States v. Mosely*, 810 F.2d 93, 97 (6th Cir.1987) (" 'The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other.' ") (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.) (citations omitted), *cert. denied*, 400 U.S. 958, 91 S.Ct. 357, 27 L.Ed.2d 267 (1970)). *See generally* 2 W. LaFave, J. Israel, *Criminal Procedure* § 11.5(f) at 51–53 (1984 & Supp.1987); 27 A.L.R.Fed. 485 (1976 & Supp.1986). The circuits that have considered the question have held that the decision to allow hybrid representation is a matter committed to the sound discretion of the trial court. *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987); *United States v. Mosely*, 810 F.2d 93., 97–98 (6th Cir.1987); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976); *United States v. Hill*, 526 F.2d 1019, 1024 (10th Cir.1975), *cert. denied*, 425 U.S. 940, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976).

### II.

██ In the present case, defendant Durden invoked his right to counsel at his initial appearance thereby waiving his right to self-representation. *Mosely*, 810 F.2d at 97 (the invocation of one right constitutes a waiver of the other). Thus Durden's present motion, prepared and submitted without the aid of his court-appointed attorney, can only be construed as an attempt to proceed under a form of hybrid representation.

Although most of the cases discussing hybrid representation do so in the context of a trial (that is, examining what role a defendant should be allowed to play in conducting cross examination and presenting arguments at trial before a jury), the court finds that the analysis contained in those cases is equally applicable to the pretrial stage of the present action. This is particularly the case with regard to pretrial motions because matters of strategy and tactics are said to be within the exclusive province of trial counsel. *See Jones v. Barnes*, 463 U.S. 745, 751–53, 103 S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983) (acknowledging the superior ability of trained counsel in the "examination into the record, research of the law, and marshalling of arguments on [defendant's] behalf"). The ABA Model Rules of Professional Conduct provide that "[i]n a criminal case, the lawyer shall abide by the client's decision, ... *as to a plea to be entered, whether to waive jury trial and whether the client will testify.*" Rule 1.2(a) (emphasis added). However, "[w]ith the exception of these specified fundamental decisions, an attorney's duty is to take professional responsibility for the conduct of the case, after consulting with his client." *Jones*, 463 U.S. at 753 n. 6, 103 S.Ct. at 3313 n. 6.

██ Moreover, an attorney is presumed competent, *Jarrett v. United States*, 822 Fd.2d 1438, 1441 (7th Cir.1987), whether appointed or retained. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). Consequently, a trial court must be able to rely on an appointed

attorney's judgment in deciding not only what kind of pretrial motions should be filed but also whether and when they should be filed. Otherwise, a court could be faced with inconsistent and possibly even contradictory motions from the defendant and his assigned attorney. Given this court's ever-burgeoning caseload, it would be extremely inefficient and wasteful for the court to become embroiled in these disagreements. *See* Berger, *The Supreme Court and Defense Counsel: Old Roads, New Paths—A Dead End?*, 86 Colum.L.Rev. 9, 41–45 (1986). Such disputes are to be resolved between a defendant and his attorney and are protected by the attorney-client privilege. Thus, not only would the court's involvement be wasteful of judicial resources, often times the substance of the dispute between an attorney and his client is privileged information. In the event the dispute is so great so as to prevent the preparation and presentation of an adequate defense, a defendant is always free to request the appointment of a new attorney. *See United States v. Hillsberg*, 812 F.2d 328, 333 (7th Cir.1987).

▪ Therefore, in light of the presumption of defense counsel's competence, the recognized deference given to attorneys in strategic and tactical matters, and the scarcity of judicial resources, and in the absence of special circumstances to the contrary, the court finds that defendant Durden is not entitled to hybrid representation by filing motions without the aid of his court-appointed counsel.

## CONCLUSION

Based on the foregoing, the court ORDERS that Durden's motion for a hearing on the admissibility of coconspirator's statements is hereby STRICKEN.