■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GATTO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered June 17, 1986, convicting him of murder in the

second degree (two counts) upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the testimony of the chief prosecution witness was incredible as a matter of law and that the verdict was against the weight of the evidence. We disagree.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86).

The defendant further contends that he was denied the effective assistance of trial counsel because counsel failed to call him as a witness and counsel failed to object to remarks made by the prosecutor during his summation. Specifically, the defendant claims that after he testified at the first trial of this matter, the case resulted in a mistrial when the jury indicated that it could not agree upon a verdict. However, the record reveals that trial counsel made a conscientious, reasoned decision not to have his client testify at this trial after examining the strengths and weaknesses of the People's case, which had been substantially undermined by the disappearance of an eyewitness to the crime. "It is well settled that courts should not second-guess the trial tactics employed by defense attorneys" *(People v Reilly,* 128 AD2d 649, 650). Trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness *(see, People v Baldi,* 54 NY2d 137). Nor did trial counsel's failure to timely object to the prosecutor's summation constitute ineffective assistance of counsel *(see, People v Chang,* 129 AD2d 722, *lv denied* 70 NY2d 644). We therefore find that the defendant received "meaningful representation" at trial *(see, People v Baldi, supra,* at 147; *People v Hewlett,* 71 NY2d 841, 842; *People v Jones,* 55 NY2d 771, 773) and that considered as a whole, trial counsel's performance was sufficiently competent to satisfy the defendant's constitutional right to the effective assistance of counsel *(see, People v Chang, supra; People v Reilly, supra).*

The defendant's other claims, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.