■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MOORE, Appellant.—Judgment, Supreme Court, Bronx County (Nicholas S. Figueroa, J.), rendered May 12, 1988, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and sentencing him, as a second violent felony offender to an indeterminate term of imprisonment of from 6 to 12 years, unanimously affirmed.

The defendant was seen by several witnesses to have pointed a firearm in the direction of the complainant after an argument in the hallway of their apartment house. The weapon was discharged into a ceiling light fixture as defendant struggled with his sister and another woman who were trying to remove it from his possession, and the bullet was recovered by the police. The defendant's sister testified that he did not possess or fire the weapon.

Defendant claims that certain comments made by the prosecutor during summation and by the Judge in charging the jury were erroneous and prejudicial. His contentions are not preserved as a matter of law by a timely and specific objection, and we therefore decline to reach them. (CPL 470.05 [2]; *People v Balls,* 69 NY2d 641; *People v Tarsia,* 50 NY2d 1, 9.) Were we to consider them in the interest of justice, we would nonetheless affirm, finding them without merit. Defense counsel argued that an eight-year-old witness could not, as he testified, have seen the firing of the weapon. It was accordingly not error for the prosecutor to argue that the boy had no reason to fabricate, that his testimony was unshaken on cross-examination, and thereafter to suggest: "That boy wasn't lying." In no sense can it be said that the prosecutor "vouched

for" the credibility of the witness. Nor would we find error in the court's instruction: "No one has really seen fit to come up with a better system for getting at the truth than the jury. It involves twelve varying experiences, twelve people who search for the truth". This is far different from a prosecutor stating on summation that a trial "was not a search for a reasonable doubt but a search for the truth", which has been criticized as tending to mislead the jury and usurp the court's function of instructing the jury on the law. *(People v Sepulveda,* 105 AD2d 854, 857; *People v Ogelsby,* 128 AD2d 556; *People v Chang,* 129 AD2d 722.)

Finally, we find the sentence imposed to be justified in light of the circumstances, including the fact that defendant had a prior assault conviction and was on parole for a burglary conviction when he committed the instant offense. Concur— Murphy, P. J., Sullivan, Ross, Rosenberger and Ellerin, JJ.