■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEARL PAULA RUSSELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered November 12, 1987, convicting her of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of assault in the first degree arose out of an incident which occurred on October 14, 1986. On that date, the defendant had an argument with William Lynch, her landlord's husband, concerning Lynch's directive to her to find another place to live. During the argument, Lynch banged upon the defendant's door, at one point breaking it open with a metal object. The defendant then left her apartment, returned with matches, and set fire to Lynch by dousing him with gasoline and igniting him as he was exiting the building.

On the instant appeal, the defendant argues, *inter alia,* that the trial court erred in refusing her request that the jury be charged on the defense of justification. We disagree. It is well settled that a court need not charge the defense of justification if no reasonable view of the evidence establishes the elements of the defense *(see, People v Watts,* 57 NY2d 299). The record indicates that at the time Lynch was set on fire, he was not only empty handed, but was headed away from the defendant and toward the exit of the building. Under these circumstances, the refusal to charge the defense of justification was not error *(see, People v Hernandez,* 148 AD2d 546).

Nor did the trial court err in refusing to admit into evidence, as a spontaneous declaration, a certain statement made by the defendant to a police officer after the incident, i.e., "I had to defend myself". The record amply demonstrates that this statement was made "under the impetus of studied reflection" and accordingly did not qualify as a spontaneous declaration *(see, People v Edwards,* 47 NY2d 493, 497; *People v Sostre,* 51 NY2d 958; *People v Wilson,* 123 AD2d 457).

Similarly unavailing is the defendant's argument that she was deprived of the effective assistance of counsel during her trial. As this court stated in *People v Gatto* (146 AD2d 643, 644): " 'It is well settled that courts should not second-guess the trial tactics employed by defense attorneys' *(People v Reilly,* 128 AD2d 649, 650). Trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness *(see, People v Baldi,* 54 NY2d 137) * * * We therefore find that the defendant received 'meaningful representation' at trial *(see, People v Baldi, supra,* at 147; *People v Hewlett,* 71 NY2d 841, 842; *People v Jones,* 55 NY2d 771, 773) and that considered as a whole, trial counsel's performance was sufficiently competent to satisfy the defendant's constitutional right to the effective assistance of counsel".

The defendant's other allegations of error are either unpreserved for appellate review or without merit or the errors are harmless beyond a reasonable doubt (CPL 470.05 [2]; *People v Mayo,* 136 AD2d 748; *People v Gray,* 144 AD2d 483; *People v Williams,* 134 AD2d 304, 305; *People v Crimmins,* 36 NY2d 230, 241-242; *cf., People v Parker,* 125 AD2d 340, 341). Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.