◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered June 10, 1988, convicting him of robbery in the first degree (two counts), upon jury verdict, and sentencing him as a persistent violent felony offender, to two consecutive indeterminate terms of 25 years' to life imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof which directed that the terms of imprisonment shall run consecutively to each other, and substituting therefor a provision that the terms of imprisonment shall run concurrently; as so modified, the judgment is affirmed.

We reject the defendant's contention that his convictions must be reversed due to the fact that the People delayed in turning over certain material which arguably might fall under the *Rosario* and *Brady* rules *(People v Rosario,* 9 NY2d 286; *Brady v Maryland,* 373 US 83). Inasmuch as the material was produced immediately after it was requested *(cf., People v Vilardi,* 76 NY2d 67), and the defendant had a meaningful opportunity to use it prior to the trial *(cf., People v Jackson,* 157 AD2d 126), he was not prejudiced by the delay *(People v Barreto,* 143 AD2d 920). Nor is there a reasonable probability that had the material been disclosed earlier, the result of the trial would have been different *(People v Jemmott,* 144 AD2d 694).

In addition, the trial court did not improvidently exercise its discretion by denying the defendant's motion for separate trials of the four counts of the indictment. A review of the record reveals that each crime was separately presented and proved, and in light of the fact that the jury acquitted the defendant on one of the charges, and was unable to agree with respect to another charge, he can make no showing of prejudice which would have warranted separate trials *(see, People v Angelo,* 133 AD2d 832; *People v Barksdale,* 140 AD2d 531).

The trial court properly denied the defendant's *pro se* motion to dismiss the indictment on constitutional and statutory speedy trial grounds without prejudice to renewal by the defendant's counsel. The defendant was represented by counsel throughout the proceedings. Therefore, the trial court's refusal to entertain his *pro se* motion was not an improvident exercise of discretion *(see, People v White,* 73 NY2d 468; *People v Ford,* 143 AD2d 841). Further, the defendant's motion to set aside the verdict, although made by counsel, was not "in writing" (CPL 330.40 [2] [a]), and therefore the trial court did not improvidently exercise its discretion in summarily denying it *(see, People v Williams,* 134 AD2d 304).

Viewing the evidence adduced at the trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

A review of the court's charge to the jury as a whole reveals that it was properly advised of the applicable principles of law *(see, People v Rodriguez,* 161 AD2d 737; *cf., People v La Rosa,* 112 AD2d 954).

We find the sentence was excessive to the extent indicated.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.