582 So.2d 12 (1991)
Gene SALSER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-405.
District Court of Appeal of Florida, Fifth District.
May 23, 1991.
Rehearing Denied July 10, 1991.
*13 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Appellant was convicted of armed robbery and has raised on appeal the failure of the trial court to grant his pro se motion for discharge under the speedy trial rule. We affirm.
Appellant was arrested for the armed robbery of a Pizza Hut in Seminole County on February 16, 1989. On February 17, 1989, appellant made his first appearance in court and, upon his request, a public defender was appointed to represent him. On March 13, 1989, he appeared for arraignment but because the state still had not filed formal charges against him, the court set a status review for March 16, 1989. On that date, with charges still not filed, he was released to Orange County where he was to be prosecuted on another armed robbery charge.
On March 23, 1989, the state filed an information charging appellant with robbery with a firearm of the Pizza Hut, and arraignment was scheduled for July 3, 1989. On June 29, 1989, the appellant sent a letter to the clerk of the Seminole County court stating that he was incarcerated in the Orange County Jail and that, due to his incarceration, he was unable to appear.[1] Appellant did not appear for the scheduled arraignment on July 3 and a bench warrant was issued for his arrest. This bench warrant was, however, recalled on August 4, 1989, in preference for issuance of a writ to Orange County.
On July 18, 1989, the assistant public defender assigned to appellant's case served on the state a notice of discovery and motion for statement of particulars. The assistant public defender also sent appellant a letter, dated July 25, 1989, requesting appellant get in touch with his office. Appellant admits he received this letter around August 1, 1989, but he did not respond until September 11, 1989.[2] On August 10, 1989, appellant filed a pro se motion for discharge on the ground that the state had failed to bring him to trial within the period required by the speedy trial rule. According to the certificate of service, a copy of this motion was sent to the state attorney but was not sent to the public defender. Nor does the court file reflect the document was filed until it became an attachment to another pro se filing of the appellant dated September 29, 1989.[3] When the assistant state attorney received a copy of the pro se motion for discharge, he filed, on August 15, 1989, a motion to strike the pro se filing because appellant was represented by counsel.
A writ of habeas corpus was issued by the Seminole County court to bring appellant to Seminole County on August 21 for appearance before the court. On August 16, 1989, the writ was reported unexecuted because Orange County was unwilling to release him to Seminole County until his *14 Orange County trial, which was scheduled to begin that same week, was completed. Accordingly, appellant was finally brought to court in Seminole County on September 18, where he appeared along with his public defender. On September 29, 1989, the appellant filed a pro se motion to dismiss based upon the failure of the state to bring him to trial within ten days from his previously filed motion for discharge. On October 16, 1989, he also filed a pro se motion to be "co-counsel". On November 6, the trial court held a hearing on appellant's motion for discharge and struck all motions filed pro se, including the motion for discharge.[4] On November 13, the trial court timely held a hearing on the motion for discharge and set trial for November 22. The state, defense counsel and appellant executed and filed a stipulation extending the speedy trial window until November 27, the next normal business day for the court after November 22. The trial took place on November 27, 1989, and the jury found the appellant guilty. Appellant, who had previously been sentenced to life imprisonment as an habitual offender in Orange County, was again sentenced to life imprisonment as a habitual offender in Seminole County.
Appellant contends that, pursuant to Florida Rule of Criminal Procedure 3.191 and controlling case law, the state was without the power to try him because he was not given the required hearing within five days of the filing of his pro se motion for discharge, nor was he tried within ten days of the hearing deadline. The state asserts the trial court correctly struck the pro se motion for discharge and was not required to act upon it in accordance with the Rule 3.191 procedure because it was not filed or signed by appellant's counsel.
Although criminal defendants represented by counsel frequently file pro se motions, there is relatively little case law treating this issue. The leading case, Johnson v. State, 501 So.2d 94 (Fla. 1st DCA 1987), is typical of the fact pattern involved in such cases and is similar to the present case. In Johnson, the First District Court of Appeal concluded that a pro se motion for discharge was a nullity and that the defendant's remedy, if any were appropriate, would be a motion for post-conviction relief based on ineffective assistance of counsel. See also Beverly v. State, 516 So.2d 30 (Fla. 1st DCA 1987) (citing State v. Tait, 387 So.2d 338 (Fla. 1980)).
This court, in a similar situation, struck a pro se petition for writ of error coram nobis filed by an appellant who was represented by counsel on appeal. We pointed out that the defendant may have the right under certain circumstances to waive counsel and represent himself but the defendant has no right to be represented for the purposes that suit him and unrepresented for other purposes. Sheppard v. State, 391 So.2d 346, 347 (Fla. 5th DCA 1980).
Courts in other jurisdictions we have identified that have considered this issue agree that such pro se motions are invalid. United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir.), cert. denied, 484 U.S. 852, 108 S.Ct. 154, 98 L.Ed.2d 110 (1987); Martin v. State, 797 P.2d 1209, 1217 (Alaska Ct. App. 1990); People v. Smith, 162 A.D.2d 734, 557 N.Y.S.2d 132 (1990), appeal denied, 77 N.Y.2d 882, 568 N.Y.S.2d 925, 571 N.E.2d 95 (1991). In United States v. Durden, 673 F. Supp. 308 (N.D.Ind. 1987), the court considered the legal effect of a pro se motion for a hearing on the admissibility of a coconspirator's statements. The court initially noted that a criminal defendant does not have the right to a hybrid representation. Further, by requesting counsel, the defendant waived his right to self-representation. Id. at 309. Referring to the impossible burden placed on the court,[5] especially *15 where the motions filed or positions taken by client and counsel are inconsistent, the Durden court refused to consider the pro se motion.
We conclude the trial court correctly refused to discharge appellant.
AFFIRMED.
W. SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
The defendant's pro se motion for discharge under the speedy trial rule should not be treated as a nullity. Certainly, generally a defendant charged with a crime and his counsel (or even two lawyers acting as co-counsel) cannot simultaneously conduct or proceed in different tactical directions. However, that impracticality is not a problem in this case. See State v. Smiley, 529 So.2d 349 (Fla. 1st DCA 1988).
The defendant, charged in Seminole County with a crime, was sitting in a jail cell in Orange County, watching the calendar much more closely than his court-appointed counsel, and filed a timely and proper pro se motion for discharge under the speedy trial rule long before his counsel filed a similar motion. The appointment of counsel for a defendant accused of a crime should result only in benefit to him, not in detriment. If, in any given case, the defendant himself is more alert, attentive and diligent in the pursuit of his rule right to be discharged for failure of the State to provide a speedy trial,[1] and properly moves the court to effectuate a remedy resulting from a violation of the speedy trial right, he should not be deprived of that remedy merely because the prosecution does not meet its duty to provide the defendant with his right to a speedy trial and the defendant has had counsel appointed who is inattentive to his client's rights and needs and ineffective and dilatory in asserting his client's right to a discharge for the State's neglect to provide a speedy trial.
Article I, section 16 of the Florida Constitution provides in relevant part that "[i]n all criminal prosecutions the accused ... shall have the right ... to be heard in person, by counsel, or both... ." (Emphasis added). While this provision has been interpreted as giving the accused a qualified, not an absolute, right to self representation, State v. Tait, 387 So.2d 338 (Fla. 1980), if the constitutional language means anything it is that an otherwise valid pro se motion which would entitle the accused to discharge cannot be denied simply because the accused, rather than his court-appointed counsel, filed it. If these two little words, and the constitutional right they embody, have been read out of the constitution they should be read back in.
This is not a case where there is a conflict with the defendant personally demanding a speedy trial while defense counsel is seeking a continuance in order to prepare for trial. The right to a speedy trial is a fundamental constitutional right. A pro se motion for discharge under the speedy trial rule places no impossible or inordinate burden on the trial court. In the context of the facts of this case the argument of inconvenience to the court has been greatly exaggerated. It should take no more judicial labor to consider the motion on its merits and grant it when meritorious, than to consider the State's motion to strike the defendant's pro se motion for discharge.
NOTES
[1] Appellant also requested the court to make the "proper arrangements concerning this matter."
[2] In this letter he sends counsel his pro se filings, instructs counsel to file a writ of prohibition to prevent trial based on his motion for discharge, instructs counsel to prepare an order for the court to return to him the property confiscated when he was arrested, and advises counsel that he had recently been convicted of the Orange County armed robbery.
[3] See infra n. 4.
[4] From the record it appears that, in Seminole County, the filing of a motion for discharge automatically generates a form notification from the clerk of court advising the trial judge of the filing of the motion for discharge and the time deadlines applicable under Rule 3.191. According to the document, telephone notice is also given to the judge's secretary. This notice was generated in response to the November 7, 1989 motion. There is no record in the file of an earlier notice.
[5] As expressed by the trial court in the present case: "I can't let the two of you work in different directions or at least different routes at the same time."
[1] See Florida Rule of Criminal Procedure 3.191(i)(3).