■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BROWNING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered October 11, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 22, 1988, an undercover officer went into a building located at 2835 West 20th Street in Brooklyn, purchased four vials of cocaine from the defendant, and left. Within minutes after the sale, members of the backup team burst into the building. The defendant attempted to flee up the hallway staircase but was apprehended by one of the backup officers. At the defendant's feet were ten vials, nine of which proved to contain cocaine. After the defendant was arrested, the undercover officer made a confirmatory identification at the police precinct.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of the sale of cocaine to the undercover officer and his having possessed, with the intent to sell, the nine vials of cocaine found at his feet (see, People v Hansen, 158 AD2d 542; People v Gonzalez, 133 AD2d 123). Contrary to the defendant's assertion on appeal, we do not find any inconsistencies between the testimony of the undercover officer and the testimony of the members of the backup team which render the undercover officer's account incredible as a matter of law (see, e.g., People v Austin, 168 AD2d 502). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions regarding improprieties in the trial court's charge are either unpreserved for appellate review (CPL 470.05 [2]), or without merit. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.