PER CURIAM.
Joseph H. Simpson, Jr., appeals the trial court’s order striking his pro se “Motion to Verify Detainment in Another County, Date of Court Appearance/and Motion for Return of Cash Bond.” Simpson filed his motion in the Polk County Circuit Court, where he faced a felony driving with license suspended charge. In his pro se motion, Simpson stated that he was being detained in the Hernando County jail on another matter. He asserted that he paid a $1000 cash bond in the Polk County case and asked that it be revoked so he could get credit for time served in the Polk County case. He asked that the bond money be returned to him.
The trial court struck the pro se motion because Simpson was represented by counsel. The court relied upon Salser v. State, 582 So.2d 12, 14 (Fla. 5th DCA 1991), a two-to-one decision by the Fifth District, which notes that “the defendant may have the right under certain circumstances to waive counsel and represent himself but the defendant has no right to be represented for the purposes that suit him and unrepresented for other purposes.”
The trial court’s order is not a final, appealable order under Florida Rule of Appellate Procedure 9.140. Moreover, it is not an appealable nonfinal order. We conclude, however, that the order is reviewable by certiorari. See Fla. R.App. P. 9.040(c); cf. State v. Isaac, 696 So.2d 813 (Fla. 2d DCA 1997) (treating State’s appeal from order suppressing use of records and testimony for authentication as petition for writ of certiorari). Accordingly, we have treated Simpson’s notice of appeal and attachments as a petition for writ of certiorari, and we have carefully reviewed Simpson’s pro se motion and all materials contained in the record. Finding no departure from the essential requirements of law in the trial court’s order, we deny the petition.
Petition denied.
FULMER, A.C.J., and NORTHCUTT and DAVIS, JJ., Concur.