PETERSON, J.
Howell D. Forrest appeals the imposition of a five year sentence without giving him the opportunity to withdraw his negotiated plea of nolo contendere, a plea he understood would incur only 13 months incarceration.
The record supports Forest’s allegations. The harsher sentence was imposed after a Preliminary Sentence Investigation revealed previous convictions that increased the scoresheet results and caused the trial court to disregard the negotiations between Forrest and the State. If the court does not concur in a tendered plea arising from negotiations, a plea may be withdrawn. See Fla. R.Crim.P. 3.172(g).
In order to contest the involuntariness of his plea, Rule 3.170, Florida Rules of Criminal Procedure and Rule 9.140, Florida Rules of Appellate Procedure require that Forrest must have preserved that right by filing a motion to withdraw his plea with the trial court within 30 days after sentencing. Forrest timely filed his motion to withdraw, but the State argues that he did this pro se while he was represented by an attorney; and therefore, the motion was a nullity. The State relies on Salser v. State, 582 So.2d 12, 14 (Fla. 5th DCA 1991), to support its position. Salser, a pro se defendant, moved for a discharge based on violation of the speedy trial rule. This court declared that Salser could not file a motion pro se while represented by counsel and that if counsel failed to move, the defendant could seek post conviction relief for ineffective assistance of counsel.
Although Forrest did have trial counsel who had not been discharged at the time he filed his pro se motion, he was apparently confused and believed that he was without counsel for a period of time because he was advised at sentencing that the trial court would appoint counsel to file his appeal if he could not afford an attorney. Under the circumstances, we believe that Forrest’s motion should have been considered by the court.
Accordingly, we vacate Forrest’s sentence and remand to the trial court so that Forrest may be given the opportunity to withdraw his plea. We also note that the last scoresheet used by the court has previous crimes listed that have not been documented. Upon remand, Forrest should be given the opportunity to refute the prior convictions.
SENTENCE VACATED; REMANDED.
W. SHARP and PALMER, JJ., concur.