■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC SMITH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered October 20, 1982, convicting him of two counts of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On the basis of the present record, we cannot conclude that defendant was denied the effective assistance of counsel. The only error raised by defendant is that counsel allowed him to waive his right against self-incrimination and testify at the trial of another charged with the same crimes. In testifying, defendant recounted previously suppressed statements he had made to the police. This testimony was later used to convict defendant at his own trial.

There is no information in the record regarding the events leading up to the decision to testify. Defendant's claim would be more properly raised in a postjudgment motion made pursuant to CPL 440.10, at which time evidence could be secured concerning the performance of defendant's counsel and the reasons defendant chose to testify (*see, People v Love,* 57 NY2d 998; *People v Leonard,* 102 AD2d 857). Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODI ELLYN STICH, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered January 26, 1984, convicting her of criminal possession of a controlled substance in the fourth degree, upon her plea of guilty, and imposing sentence of a definite term of 30 days' imprisonment and a concurrent five-year term of probation, with 125 hours of community service.

Judgment affirmed, and case remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

We reject defendant's contention that the imposition of the $75 mandatory surcharge, pursuant to Penal Law § 60.35 (1) (a) was a "fine" imposed in violation of the plea agreement (*cf.* Penal Law § 80.00).

We have reviewed defendant's other contentions, including her claim that the sentence imposed was harsh and excessive, and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.