■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO GARAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered February 4, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Although we conclude that the lineup identification of the defendant, which was suppressed, occurred under suggestive circumstances, the People established that the identifying witness had an independent source on which to base an in-court identification (see, Manson v Brathwaite, 432 US 98; United States v Wade, 388 US 218; People v Adams, 53 NY2d 241). The witness testified at the hearing that he recognized the defendant during the commission of the crime from a

party both had attended about a week previously and had seen him on 1 or 2 other occasions, standing in front of the building where the witness's mother lived. The witness testified that he initially observed the defendant at the time of the crime from a half a block away on a well-lighted street and later, as he crouched behind a car, he observed the defendant run directly past him.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt. The credibility of the testimony of the identifying witness was an issue for the jury to resolve (see, People v Bussey, 111 AD2d 403). The evidence is not rendered insufficient simply because only one witness was able to identify the defendant (see, People v Arroyo, 54 NY2d 567, cert denied 456 US 979; People v Brown, 124 AD2d 667).

Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that he was denied the effective assistance of counsel due to his attorney's failure to move to dismiss the indictment on the ground of preindictment delay cannot be determined on the record before us and would be more properly raised in a motion pursuant to CPL 440.10 (see, e.g., People v Love, 57 NY2d 998; People v Smith, 112 AD2d 389; People v Marchand, 104 AD2d 624).

The defendant's remaining contention, that he was denied the effective assistance of counsel because his attorney failed to impeach the prosecution's witness with prior hearing testimony, is without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.