■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL OBAIR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered May 7, 1986, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (two

counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defense counsel failed to preserve his objection to having the nine-year-old complainant sworn as a witness. Therefore, the issue is unpreserved for our review (CPL 470.05 [2]). In any event, the trial court did not abuse its discretion in deeming the complainant qualified to be sworn as a witness since he adequately demonstrated his ability to understand the nature of an oath (see, People v Parks, 41 NY2d 36; People v Boyd, 122 AD2d 273).

Although the defendant's original counsel failed to renew his application for a Mapp hearing after leave had been granted by the Supreme Court, that failure did not constitute ineffective assistance of counsel (see, People v Panzarino, 131 AD2d 788, lv denied 70 NY2d 753; People v Elliott, 124 AD2d 673, lv denied 69 NY2d 879). Moreover, although his trial counsel could have been more vigilant in objecting to various comments and questions made by the prosecutor, we cannot say that the defendant was denied his constitutional right to effective assistance of counsel (see, People v Chang, 129 AD2d 722, lv denied 70 NY2d 644). Viewed in their totality, the defense counsel's efforts on behalf of the defendant afforded him "meaningful representation" (see, People v Baldi, 54 NY2d 137, 147).

We find the defendant's remaining contentions to be unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.