■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD SHARPE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered August 5, 1985, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was placed at the scene of the shooting of the complainant by the testimony of the complainant's two sons. Although the trial court failed to conduct a proper voir dire pursuant to CPL 60.20 (2) with regard to the complainant's 11-year-old son, there was no objection interposed and the issue has not been preserved for appellate review (see, CPL 470.05 [2]; *People v Obair*, 138 AD2d 750; *People v Danza*, 127 AD2d 781). In any event, the testimony of the 13-year-old son of the complainant, who knew the defendant well, related essentially the same events which were described in the younger son's testimony. Furthermore, questioning by the prosecutor adduced testimony from the 11-year-old son that he understood the difference between a lie and the truth and that he intended to tell the truth. Thus, we find that the defendant was not prejudiced and that the error with regard to the court's failure to conduct a voir dire of the 11-year-old son was harmless.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.