■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MILLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered December 12, 1985, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The sole issue raised in this case, in which the evidence of guilt was overwhelming, is whether the defendant was denied a fair trial by certain allegedly prejudicial remarks of the prosecutor in his summation. Among the contentions raised by the defendant is that the prosecutor improperly interjected his personal opinion of the case into his summation. However, by failing to object the defendant did not preserve for appellate review any legal issue as to the propriety of those remarks *(see,* CPL 470.05 [2]; *People v Galloway,* 54 NY2d 396; *People v Gavins,* 118 AD2d 582, *lv denied* 67 NY2d 1052). In any event, neither those remarks nor the prosecutor's comments concerning the credibility of the People's witnesses deprived the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). The prosecutor's summation must be evaluated in comparison to that of defense counsel which, at bar, called into question the credibility of the prosecution witnesses. Therefore, the prosecutor was permitted to respond by suggesting that the jury consider the witnesses' lack of motivation to lie *(see, e.g., People v Anthony,* 24 NY2d 696, 703-704, *rearg denied sub nom. People v Batten,* 25 NY2d 647; *People v Koleskor,* 131 AD2d 879, 880, *lv denied* 70 NY2d 801; *People v Torres,* 121 AD2d 663, 664). We further note that the prosecutor's comments concerning credibility, to the extent they were improper, were the subject of curative instructions with which defense counsel was apparently satisfied *(see,*

*People v Williams,* 46 NY2d 1070, 1071; *People v Breland,* 109 AD2d 890) and which served, in any event, to dispel any prejudice arising therefrom.

Lastly, we find the jury's verdict acquitting the defendant of the charge of attempted escape a clear indication that the jury was not unduly influenced by the prosecutor's improper vouching for the credibility of the prosecution's police witness who testified on that issue *(see, People v Martin,* 112 AD2d 387). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.