■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, SAMUEL NIEVES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered June 29, 1983, convicting him of burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of burglary in the first degree under the first count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was charged with three counts of burglary in the first degree arising from an incident in which he unlawfully entered a dwelling and struck two persons therein with a tire iron. The defendant was found guilty on count one which was based upon the defendant having caused injury to a nonparticipant and on count three which charged him with the use of a dangerous instrument.

We find that the evidence adduced at trial was insufficient

to prove that the complainant suffered "physical injury" within the meaning of Penal Law § 10.00 (9); and § 140.30 (2). As the People failed to sustain their burden of proof that the defendant caused physical impairment or substantial pain to a nonparticipant of the crime, we therefore vacate his conviction of burglary in the first degree under the first count of the indictment and dismiss that count *(see, People v Jimenez,* 55 NY2d 895; *People v Tabachnik,* 131 AD2d 611; *cf., People v Greene,* 70 NY2d 860).

The defendant's contention that he was denied effective assistance of counsel due to his attorney's failure to conduct the necessary pretrial investigation is dehors the record and has not been considered. That claim should have been brought pursuant to CPL 440.10 *(see, People v Smith,* 112 AD2d 389, *lv denied* 66 NY2d 767). With respect to those aspects of counsel's performance which are part of the record and thus properly before us, we find that the defendant was not denied meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Rivera,* 71 NY2d 705; *People v Benn,* 68 NY2d 941).

We find that defendant was not denied his Sixth Amendment right to conduct a meaningful cross-examination of one of the victims. That victim had used a machete to protect himself against the defendant. The defense counsel sought to show that the victim had knowledge that his own conduct could be considered a criminal act so as to give rise to a motive by the victim to fabricate. The nature and extent of cross-examination has always been subject to the sound discretion of the Trial Judge *(see, Martin v Alabama 84 Truck Rental,* 47 NY2d 721; *People v Schwartzman,* 24 NY2d 241, *rearg denied* 24 NY2d 916, *cert denied* 396 US 846). A review of the record indicates that there was no undue curtailment of cross-examination as there is no indication that the victim's testimony was given by him in an effort to exonerate himself. Indeed the victim admitted his use of a machete. Cross-examination as to whether he thought his conduct was criminal was properly limited since that question was not material to the issues before the jury.

We have examined the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.