■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAUNDRA ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered July 18, 1985, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that she was denied a fair trial by alleged inflammatory or improper remarks made by the prosecutor at various points in the trial proceedings. Initially, the defendant's claim with respect to improper comments made during jury selection cannot be reviewed on this appeal, inasmuch as the voir dire was not recorded and the claim is therefore based upon matters which are dehors the record (see, People v Nieves, 144 AD2d 588).

The defendant's challenge to certain remarks made by the Assistant District Attorney during the direct examination of prosecution witness Dr. Veress is without merit. The record

demonstrates that the trial court excluded a photograph of the deceased at one point during the trial. The prosecutor subsequently made reference to it as the photograph "showing the deceased in the bathtub" while questioning Dr. Veress. However, the defendant's counsel immediately objected to the question and the court sustained the objection, directed that the question be stricken, and instructed the prosecutor to avoid any further reference to the photograph. Accordingly, any error was cured by the trial court's prompt corrective action, and the defendant's claim to the contrary is belied by the fact that her trial counsel neither expressed dissatisfaction with the court's curative instructions nor moved for a mistrial on this ground. In any event, the prosecutor's reference to the photograph merely confirmed the fact that the victim's body was found in a bathtub, a circumstance of which the jury already had been apprised as a result of eyewitness testimony. Significantly, there was no comment regarding the depiction of the victim's injuries in the photograph; hence, no conceivable prejudice could have resulted from the remark. Indeed, the properly elicited prior testimony of Dr. Veress detailing the severity of the victim's wounds was far more damaging to the defendant's case than the prosecutor's statement. Moreover, the defendant's remaining claims of prosecutorial misconduct with respect to the examination of Dr. Veress are either lacking in merit or were cured to defense counsel's satisfaction by the trial court's actions (see generally, People v Williams, 46 NY2d 1070; People v Miller, 143 AD2d 1055).

Similarly unavailing is the defendant's claim that she was denied a fair trial by certain remarks made during the prosecutor's summation. The majority of these remarks constituted permissible comment upon the evidence. Furthermore, any error in the prosecutor's statements regarding the concept of acting in concert, or in her characterization of the trial as a "search for the truth" and not a "search for doubt" was cured by the thorough and accurate instructions provided by the court in its charge to the jury (see, e.g., People v Ogelsby, 128 AD2d 556). Inasmuch as we find that the defendant was not deprived of a fair trial as a result of the foregoing instances of purported prosecutorial misconduct, we conclude that the judgment of conviction should not be disturbed on this ground.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied

that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's challenge to the determination of the suppression court is without merit *(see, People v Anderson,* 127 AD2d 774). We also reject her claim that the trial court's charge was defective. We find that the charge, when read as a whole, conveyed the proper legal principles to the jurors *(see, e.g., People v Martinez,* 145 AD2d 577).

We have examined the defendant's remaining contentions, including her claim of an excessive sentence, and find them to be without merit. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.