■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO LAVAYEN, Appellant. [602 NYS2d 548] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered November 28, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove his guilt beyond a reasonable doubt of the offense of depraved mind murder (see, Penal Law § 125.25 [2]). Viewing the circumstantial evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The facts from which the inference of guilt is drawn, when perceived as a whole, are inconsistent with the defendant's innocence and exclude to a moral certainty every reasonable hypothesis other than guilt (see, *People v Lewis,* 64 NY2d 1111; *People v Benzinger,* 36 NY2d 29; cf., *People v Giuliano,* 65 NY2d 766). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contentions with respect to the propriety of certain comments made by the prosecutor are unpreserved for appellate review (see, CPL 470.05 [2]; *People v Oliver,* 63 NY2d 973, 975). In any event, the comments in question constituted reasonable conclusions fairly drawn from the testimony and ballistics evidence adduced at trial (see, *People v Ashwal,* 39 NY2d 105, 109-110).

There is no support in the record for the defendant's contention, set forth in his supplemental *pro se* brief, that he was denied the effective assistance of counsel due to the defense counsel's failure to interview and call two potential eyewitnesses (see, *People v Nieves,* 144 AD2d 588, 589; *People v Leonard,* 102 AD2d 857). Moreover, viewing the entirety of the defense counsel's efforts on the defendant's behalf, we find that the defendant received "meaningful representation" (see, *People v Baldi,* 54 NY2d 137, 147; *People v Gatto,* 146 AD2d 643, 644; *People v Obair,* 138 AD2d 750, 751). Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.