■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARDIWAY TONEY, Appellant. [786 NYS2d 541]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered August 7, 2001, convicting him of attempted robbery in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review, since he did not make a motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Gonzalez,* 183 AD2d 725, 726 [1992]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]; *People v Lavayen,* 195 AD2d 609 [1993]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant had the requisite intent to rob the complainant. The proof established that the defendant approached the complainant and demanded money, telling him that there were others in the vicinity who would "put something in" the complainant if he did not comply with the demand. When the complainant refused, the defendant said that he had a gun. In light of the defendant's statements, which threatened the use of physical force, there was legally sufficient evidence of the intent element (*see People v Smith,* 79 NY2d 309, 315 [1992]; *People v Bracey,* 41 NY2d 296, 301 [1977]; *People v Hope,* 128 AD2d 638 [1987]).

Moreover, the weight to be accorded the evidence presented is primarily a question to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.