■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SMITH, Appellant. [785 NYS2d 541]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered March 3, 2003, convicting him of rape in the first degree, sexual abuse in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People did not present legally sufficient evidence to prove beyond a reasonable doubt that he committed the crime of attempted robbery in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d

620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant committed attempted robbery in the first degree (see Penal Law § 160.15 [4]; *People v Baskerville,* 60 NY2d 374, 380-381 [1983]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see *People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see *People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant's contention that the prosecutor's allegedly improper comments during summation constituted reversible error is unpreserved for appellate review (see CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838 [1999]; *People v Hugennie,* 295 AD2d 368 [2002]). In any event, the comments were responsive to the defense counsel's summation (see *People v McHarris,* 297 AD2d 824, 825 [2002]; *People v Miller,* 143 AD2d 1055 [1988]).

The defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial is unpreserved for appellate review, and in any event, is without merit (see *People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *People v Oliver,* 63 NY2d 973 [1984]; *People v Horn,* 7 AD3d 638 [2004], *lv denied* 3 NY3d 659 [2004]). Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.