◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON WILLIAMSON, Appellant. [909 NYS2d 817]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 1, 2009, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Following a February 2007 controlled buy of cocaine from de-

fendant in the City of Albany, defendant was indicted and charged in October 2008 with one count of criminal sale of a controlled substance in the third degree. After a jury trial, he was convicted as charged and sentenced to a prison term of five years followed by two years of postrelease supervision. Defendant appeals, and we affirm.

We are unpersuaded by defendant's claim that the verdict was contrary to the weight of the evidence. The trial evidence established that, on the day in question, a confidential informant (hereinafter CI) met with police detective Scott Gavigan to arrange a buy from defendant and was then searched, fitted with a wire and provided with $100 in marked bills to use in the transaction. After making a call to defendant for the purpose of arranging the buy, the CI was dropped off near the rendezvous point by Gavigan and investigator Douglas Vogel. The CI testified that, after defendant arrived and they began walking down the sidewalk, she gave defendant the buy money in exchange for cocaine. Although Gavigan and Vogel were unable to observe the sale from their vehicle, investigator Eugene Duda, who was monitoring the transaction from a different area, observed the CI exchange money for an object in a plastic bag. Following the transaction, the CI returned to the police vehicle, turned over the cocaine and was searched again. The substance acquired by the CI tested positive for cocaine. While defendant questions the credibility of the People's witnesses, we defer to the jury's resolution of those credibility issues (*see People v Flagg*, 30 AD3d 889, 892 [2006], *lv denied* 7 NY3d 848 [2006]; *People v Coleman*, 2 AD3d 1045, 1046-1047 [2003]). Viewing all of the evidence in a neutral light, we find that the verdict is amply supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Morris*, 25 AD3d 915, 918 [2006], *lv denied* 6 NY3d 851 [2006]).

Similarly unavailing is defendant's claim that County Court deprived him of his constitutional right to confrontation by curtailing cross-examination of Duda regarding his testimony at a prior, unrelated trial against defendant. Defense counsel's offer of proof revealed that his proposed line of questioning was designed to attack Duda's general credibility, rather than an attempt to establish a specific motive to fabricate. "Because this line of questioning was collateral, it was subject to limitation by the trial court in the exercise of its discretion" (*People v Esposito*, 225 AD2d 928, 931 [1996] [citations omitted], *lv denied* 88 NY2d 935 [1996]; *see People v Hudy*, 73 NY2d 40, 56 [1988]; *People v Barnett*, 278 AD2d 660, 662 [2000], *lv denied* 96 NY2d 825 [2001]). County Court, having found that the proposed

questioning would confuse and mislead the jury, did not abuse its discretion in precluding such an inquiry (see *People v Corby*, 6 NY3d 231, 234 [2005]).

Defendant also contends that he was deprived of the effective assistance of counsel. To the extent that defendant's argument is premised on counsel's failure to make a motion to dismiss the indictment based upon preindictment delay, we find that it is more properly the subject of a CPL 440.10 motion.* Otherwise, the record reflects that counsel gave cogent opening and closing arguments, made appropriate objections throughout the trial, vigorously cross-examined the People's witnesses and presented a reasonable, albeit unsuccessful, defense. Under the totality of the circumstances, and notwithstanding defendant's other claimed deficiency on the part of counsel, we are satisfied that defendant received meaningful representation (see *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Moyer*, 75 AD3d 1004, 1007 [2010]).

Nor was defendant deprived of a fair trial due to prosecutorial misconduct during summation. We disagree that the prosecutor improperly vouched for the credibility of the police witnesses, and find that the complained of comment by the prosecutor was fair commentary in response to defense counsel's attack on their veracity during summation (see *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Proper*, 177 AD2d 863, 864 [1991], *lv denied* 79 NY2d 922 [1992]). The remaining challenged remarks either constituted permissible rhetorical comment (see *People v Miller*, 272 AD2d 925, 925 [2000], *lv denied* 95 NY2d 906 [2000]), were a fair comment on the evidence or were in response to the theory of the defense and its summation (see *People v Wagner*, 72 AD3d 1196, 1198 [2010], *lv denied* 15 NY3d 779 [2010]; *People v Porlier*, 55 AD3d 1059, 1062 [2008]; *People v Weber*, 40 AD3d 1267, 1268 [2007], *lv denied* 9 NY3d 927 [2007]).

Finally, we reject defendant's contention that the sentence

---

* To be sure, it is well established that where there has been an extended preindictment delay, the burden is on the People to establish good cause (see *People v Decker*, 13 NY3d 12, 14 [2009]; *People v Lesiuk*, 81 NY2d 485, 490 [1993]). Here, there can be little dispute that the nearly 20-month delay between the commission of the instant crime and the filing of the indictment was protracted (see e.g. *People v Morris*, 25 AD3d at 917 [21-month delay between sale to confidential informant and indictment found to be protracted]; *People v Townsend*, 270 AD2d 720, 720-721 [2000] [15-month delay between sale and indictment found to be lengthy]). Inasmuch as the record presently before us is bereft of any reason for the nearly 20-month delay, defendant's assertion of ineffectiveness in this regard cannot be determined on the record before us (see *People v Garay*, 136 AD2d 652, 653 [1988], *lv denied* 71 NY2d 1027 [1988]; *see generally People v Love*, 57 NY2d 998, 999-1000 [1982]).

imposed was harsh and excessive. Defendant has failed to demonstrate an abuse of County Court's discretion or the existence of extraordinary circumstances warranting modification of his sentence (*see People v Lawal*, 73 AD3d 1287, 1290 [2010]; *People v Hicks*, 55 AD3d 1138, 1142 [2008], *lv denied* 12 NY3d 758 [2009]).

Cardona, P.J., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.

