■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS LEE HENRY, Appellant.— Appeal by defendant from a judgment of the County Court, Dutchess County, rendered January 8, 1968, convicting him of assault in the second degree, upon a jury verdict, and sentencing him to 2½ to 5 years, as a second felony offender. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. Defendant was convicted of assaulting a police officer while resisting lawful apprehension in violation of subdivision 5 of section 242 of the former Penal Law. The prosecution was permitted to introduce into evidence, over objection, a butcher knife with a nine-inch blade which had been taken from defendant during a scuffle with the police. Defendant was not charged with possession of the knife in the case on trial and there was no testimony that he had attempted to reach for or to use the knife in any manner. In our opinion, the introduction of the knife into evidence abridged defendant's right to be tried on evidence which tended to prove or disprove the charge against him, uninfluenced by irrelevant facts and circumstances which would tend to prejudice the jury (see *People* v. *Posner,* 273 N. Y. 184, 190; *People* v. *Tassiello,* 300 N. Y. 425, 430, 431; *People* v. *Kenyatta,* 17 A D 2d 659). Christ, Benjamin and Martuscello, JJ., concur; Beldock, P. J., and Munder, J., dissent and vote to affirm the judgment, with the following memorandum: Appellant was arrested in July, 1967, and charged with disorderly conduct, possession of a dangerous weapon and assault in the second degree. Thereafter he was indicted and tried for, and convicted of, assault in the second degree, in violation of subdivision 5 of section 242 of the former Penal Law. Subsequent to the conviction, upon motion of the District Attorney, the disorderly conduct and possession of a dangerous weapon charges were dismissed. From the evidence adduced at the trial, it appears that shortly after midnight on the date on which the events in question took place several law-enforcement officers, while on patrol, observed disturbances and disorder on a public street, consisting of loud talking, abusive language and the throwing of bricks, bottles and glass by a crowd of people. One of the officers saw appellant place five garbage cans in the middle of the street so as to block traffic. Appellant was directed by a police officer to move the garbage cans, but refused to do so and, in addition, attempted to thwart the officers' efforts to disperse the crowd. Appellant was then placed under arrest for disorderly conduct and was told to get into a police car. Appellant refused to do so and a scuffle ensued, during the course of which several police officers were struck by appellant. While struggling with appellant, one of the officers took from appellant a nine-inch knife which had been tucked between his belt and trousers. We cannot agree with the view that the introduction into evidence of the knife constituted prejudicial error requiring reversal of the conviction. In our

opinion, the knife was admissible as tending to show the nature and character of appellant's activity as he conducted himself on the street at the time of the events prior to and contemporaneous with his arrest and his assault upon the police officers while resisting arrest (cf. *People* v. *Goldstein,* 295 N. Y. 61; *People* v. *Miller,* 19 N Y 2d 878). It cannot reasonably be concluded that, under the circumstances herein, the possession of the knife which was found sheathed in appellant's belt was totally unrelated to the crime for which he was tried and convicted. In any event, in view of the convincing proof of appellant's guilt, even if the knife were erroneously admitted into evidence, such error was not prejudicial and may be disregarded under section 542 of the Code of Criminal Procedure.