■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES S., Respondent.—Appeal by the People from a sentence of the Supreme Court, Kings County, imposed June 1, 1978, upon the defendant's adjudication as a youthful offender after his conviction of assault in the first degree, upon a jury verdict, the sentence being a nine-month term of intermittent imprisonment. Sentence reversed, on the law, and case remanded to the Criminal Term for resentence. CPL 720.20 provides: "Youthful offender determination; when and how made; procedure thereupon * * * 3. Upon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding; and the court *must sentence the defendant pursuant to section 60.02* or 60.03 of the penal law." (Emphasis supplied.) The following provisions of the Penal Law are relevant: "60.02 Authorized disposition; youthful offender * * * when a person is to be sentenced upon a youthful offender finding, the court *must impose a sentence prescribed by subdivisions two, three or four of section 60.01* for the crime for which the youthful offender finding was substituted". (Emphasis supplied.) "60.01 Authorized dispositions; generally * * * 2. Revocable dispositions. (a) The court may impose a revocable sentence as herein specified * * * (ii) the court, *where authorized by article*

*eighty-five, may sentence a person to a term of intermittent imprisonment* as provided in that article." (Emphasis supplied.) "85.00 Sentence of intermittent imprisonment * * * 2. Authorization for use of sentence. The court *may impose a sentence of intermittent imprisonment* in any case where: (a) the court is imposing sentence, upon a person other than a second or persistent felony offender, *for a class D or class E felony or for any offense that is not a felony"*. (Emphasis supplied.) Defendant was convicted of a class C felony. Therefore, since he was not convicted of a "class D or class E felony or * * * any offense that is not a felony", by the express provisions of the Penal Law he was not eligible for a sentence of intermittent imprisonment. While the statutes generally provide liberal treatment for the youthful offender, they also impose limitations (above set forth) as to sentence, dependent upon the nature and classification of the criminal act. Accordingly, defendant must be resentenced. Mollen, P. J., Latham and Hawkins, JJ., concur; Suozzi, J., dissents and votes to affirm the sentence, with the following memorandum: The defendant was sentenced as a youthful offender to a nine-month intermittent sentence of imprisonment after his conviction of assault in the first degree, a class C felony. (Defendant was also convicted of criminal possession of a weapon in the fourth degree, but that charge was dismissed by the sentencing court.) The majority is of the view that pursuant to CPL 720.20 and sections 60.01, 60.02 and 85.00 (subd 2, par [a]) of the Penal Law, a youthful offender convicted of a class C felony cannot be given an intermittent sentence of imprisonment and that the case must be remanded for resentence. I disagree. In my view, such a holding is inconsistent with a prior decision of this court and leads to an incongruous result. CPL 720.20 provides, in pertinent part, that a youthful offender must be sentenced pursuant to section 60.02 of the Penal Law. The latter section provides that sentence must be imposed on a youthful offender pursuant to subdivisions 2, 3 or 4 of section 60.01 of the Penal Law for the crime for which the youthful offender finding was substituted. Insofar as is pertinent to the case at bar, section 60.01 (subd 2, par [a], cls [i], [ii]) of the Penal Law provides for the punishments of probation and intermittent sentences, respectively. Intermittent sentences may be imposed "where authorized" by article 85 of the Penal Law. Since section 85.00 (subd 2, par [a]) of the Penal Law provides that intermittent sentences may be given only to those persons convicted of a class D or class E felony, and not of a class C felony, as is present in the case at bar, the majority takes the view that the intermittent sentence imposed here was illegal. The sentence of probation which is provided for in section 60.01 (subd 2, par [a], cl [i]) of the Penal Law may be imposed "where authorized" by article 65 of the Penal Law. Section 65.00 of the Penal Law, and section 60.05 referred to therein, provide in pertinent part that a sentence of probation may not be given to a person convicted of committing certain crimes, including the class C felony of assault in the first degree (Penal Law, § 60.05, subd 3). Nevertheless, this court, in *People v James M.* (47 AD2d 907), held that the restrictions on the granting of a sentence of probation are not applicable to youthful offenders. Although this court did not render a formal opinion in *People v James M.,* its conclusion is cited with approval in a pamphlet entitled New York Sentence Charts, 1978, compiled by Irving Schwartz, Esq., which is to be used with McKinney's Penal Law (Book 39). The author (p 20) gives the following legal basis for this court's conclusion in *People v James M.:* "The same Legislature which enacted 60.05 (mandatory prison terms) added 60.03 (sentencing for addicts). 60.05 refers only to 'persons' convicted of specific felonies, while 60.03 employs the additional term 'a youthful offender

finding.' Thus, the *inclusion* of youthful offender findings in 60.03, and the simultaneous *exclusion* thereof in 60.05 yields one inevitable result: 60.03, dealing with addicts, applies to youthful offenders, but 60.05, creating mandatory terms, does not. This position is buttressed by the 1974 amendment specifically governing youthful offender sentences, 60.02. That section directs the sentencing of youthful offenders "Except as otherwise required by section 60.03. . . .' *No such exception is listed for section 60.05* so that, again, it is clear that while the addict provision was intended to apply to youthful offenders, the mandatory prison section was not." (Emphasis in original.) If the term "person" used in section 60.05 of the Penal Law does not cover or apply to youthful offenders *(People v James M., supra)*, then the term "person" used in section 85.00 (subd 2, par [a]) of the Penal Law should also be interpreted to exclude youthful offenders. By holding to the contrary, the majority has created an incongruous statutory scheme whereby a youthful offender convicted of a class C felony can be sentenced to either the very stringent punishment of up to four years' imprisonment (Penal Law, § 60.02), or the minimal sentence of probation, but cannot be given the moderate penalty of an intermittent sentence of imprisonment. In my view, this result could not have been intended by the Legislature.