■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GROSZ and LINDA ROCK, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered February 15, 1979, convicting each of them of robbery in the second degree, upon a jury verdict, and imposing sentences. Judgments reversed, on the law, and new trial ordered. The facts have been considered and are determined to have been established. Defendants were accused of robbing their victim in a parking lot, from which they fled in an automobile purportedly followed by the victim. As he followed the defendants, the victim signalled a traffic police officer, who was driving in the same direction. The victim informed the officer of the occurrence and the officer stopped the suspects. This was about 10 to 15 minutes after the robbery took place. Although the stopped vehicle contained a male and two females, only the male occupant was frisked upon the victim's informing the officer that he believed they might have a gun. The victim's belief was founded upon his feeling a "hard object" pressed against his back when one of his assailants had told him to keep quiet because he had a gun. Notwithstanding the closeness of the sole issue of identity in this one eyewitness case, two folding knives recovered in the frisk were admitted into evidence as relevant to the existence of such a hard object. This was reversible error. The possibility that the jury would draw an inference from their existence relevant to some improper issue, such as defendants' propensity to commit crime, was not great; nevertheless, this potential prejudice substantially outweighed the probative value of the evidence as it related to the victim's testimony that he had felt something hard pressed against his back. This was a very minor element of the People's proof, easily inferrable from the facts that defendants could have used a finger or car keys to the same effect. Moreover, the People's argument that the knives were offered solely for this purpose is belied by the fact that they did not seek additionally to offer any other hard objects doubtlessly recovered from defendants when they underwent a full search at the police station. Therefore, even though the prosecutor refrained from highlighting this evidence, the possibility that the knives exerted a poisonous influence as they lay on the exhibit table is too great in this case to be considered harmless error, and a new trial is required. (See *People v Henry*, 31 AD2d 943.) Hopkins, J. P., Titone and Mangano, JJ., concur. Damiani, J., dissents and votes to affirm the judgments (see *People v Crimmins*, 36 NY2d 230).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD H., Appellant.—Judgment of the County Court, Nassau County, rendered June 7, 1979, affirmed (see Penal Law, § 60.02, as amd by L 1974, ch 653, § 6; see, also, Penal Law, § 60.01, subd 2; § 65.00, subd 1, par [b]; *People v Eason*, 40 NY2d 297; *People v James S.*, 65 AD2d 823). The case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY W. KESSLER, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered May 9, 1979 (the date on the clerk's extract is May 8, 1979), affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur