■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BAKER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered July 9, 1981, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, and as a matter of discretion in the interest of justice, and new trial ordered. ¶ Defendant and his two codefendants were jointly indicted and tried for robbery in the first degree and criminal possession of a weapon in the third degree. All three were acquitted of the robbery but convicted of the weapons charge based upon the recovery of a gun by the police from a paper bag which defendant was carrying at the time of his arrest. ¶ At trial, the complainant testified that on July 22, 1980, at approximately 2:00 A.M., he was walking to a bar located on Queens Plaza when the three defendants announced a stickup and informed him that they all had guns. Defendant Baker pulled a gun out of the bag he was carrying and held it on the complainant, while the codefendants went through his pockets, taking seven dollar bills and change. The complainant also observed a "shiny object" in a bag codefendant Harmon was carrying. Immediately after the robbery, the complainant spotted two transit policemen, Police Officers John Ferrone and Eduardo Martinez, standing on the Queens Plaza train platform. He informed the officers that he had been robbed by three men with guns and pointed to the three defendants who were still in view walking along Queens Plaza. After commandeering a private vehicle, the officers and the complainant followed the trio. At the corner of a building located at the intersection of Queens Plaza and 22nd Street, Officers Ferrone and Martinez stopped the trio. ¶ According to Officer Ferrone, he observed defendant carrying a paper bag and codefendant Lewis carrying a plastic bag. While the men were standing on the sidewalk adjacent to Queens Plaza, he ordered them to put the bags down and to get up against the wall of the building facing 22nd Street. At that moment, codefendant Harmon ran away with a third bag and the officer fired a shot at him. Officer Martinez directed a police emergency service truck, which was driving past, to pursue codefendant Harmon. Officer Martinez testified that while he and his partner were placing defendant Baker and codefendant Lewis up against the wall, he knocked a bag Baker was holding onto the ground, at a location behind the officer. After a search of defendant and codefendant Lewis did not uncover a gun, Officer Martinez asked the complainant, "I thought you said they had guns". The complainant replied, "It's here in the bag" and proceeded to pick up the bag which the officer had knocked out of Baker's hand. Officer Martinez grabbed the bag out of the complainant's hand and opened it. Inside the bag was a .38 caliber Smith and Wessen special. Thereafter, the police emergency service truck returned with codefendant Harmon. Both officers, over defense counsel's objection, were permitted to testify that a knife was found inside the bag Harmon had possessed. ¶ The defense at trial was that the complainant had falsely accused the defendants of robbery and had planted the gun in the paper bag in order to take revenge upon codefendant Harmon, with whom he had been involved in

an altercation at a bar on the night of the incident. ¶ The verdict acquitting all three men of the robbery charge indicates that the jury did not find the complainant's testimony to be credible as he was the only witness for the prosecution to testify about the robbery. Furthermore, the evidence in support of the verdict convicting the defendants of possession of a weapon cannot be characterized as overwhelming. While the complainant testified at trial that he did not have to go around the corner of the building where the defendants were being searched in order to retrieve the bag which had been knocked out of Baker's hand, at a previous hearing he had testified that he found the gun "around the corner on the side of the wall, on the ground". At trial, Officer Ferrone testified that he observed his partner snatch the brown bag from the complainant's hand and that he did not see anything in the complainant's hands when the complainant reached down to pick up the bag. However, at a prior hearing, the officer testified that when the bag first came into view, it was produced by his partner and that he did not see where his partner got the bag. Officer Ferrone described the clothing worn by the complainant and acknowledged that the subject gun could have fit inside one of the complainant's pockets. On cross-examination, Officer Martinez conceded that during the search of the defendant and codefendant Lewis, he was not looking at the bag which he had knocked to the ground at a location behind him, nor was he looking at the complainant. Consequently, there was a close question of fact as to whether the complainant could have surreptitiously planted the gun in the bag while the officer's attention was directed on a search of the persons of defendants Baker and Lewis. ¶ Under these circumstances, permitting the arresting officers to testify that a knife was recovered from the bag carried by codefendant Harmon constitutes reversible error. The knife was not the subject of any of the counts contained in the indictment. Although evidence of uncharged crimes may be admitted if it is relevant to establish or explain some material fact (see *People v Fay,* 85 AD2d 512), complainant's observation at the time of the purported robbery of a "shiny object" in the bag carried by codefendant Harmon was not a material fact. In this close case, the admission of testimony that codefendant Harmon possessed a weapon — a knife — unduly prejudiced defendant by showing a propensity to commit the crime charged (see *People v Grosz,* 75 AD2d 827; *People v Henry,* 31 AD2d 943; *People v Zeldes,* 78 AD2d 865). Additionally, we note that there was a good deal of animosity displayed between the Trial Judge and counsel for the defendant and codefendants, which may have influenced the jury's determination (see *People v Adler,* 274 App Div 820). Consequently, defendant was deprived of a fair trial. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.