■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. MILLER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Traficanti, Jr., J.), rendered May 15, 1989, upon a verdict convicting defendant of the crime of robbery in the second degree.

In January 1989, defendant was indicted for robbery in the second degree. The charge in the indictment stemmed from a December 1988 incident where defendant allegedly stole approximately $300 in cash from Elbert Crenshaw at gunpoint. During the trial of the matter, the People sought to offer a small .25-caliber handgun as a demonstrative aid to the jury, based upon Crenshaw's testimony that he saw defendant display what he described as "the cylinder of the top of [a] gun, the barrel". Defense counsel then objected to the introduction of the gun as being highly prejudicial and moved for a mistrial. County Court sustained the objection but denied the motion for a mistrial. At the conclusion of trial, defendant was found guilty as charged and sentenced to an indeterminate term of imprisonment of 5 to 15 years. This appeal followed.

Defendant's main contention on this appeal is that he was denied a fair trial by the People's display of the gun in front of the jury. We disagree. While it is our view that there was no need to offer a model of the gun described by Crenshaw inasmuch as such a gun is not difficult for a jury to visualize (see, People v Mirenda, 23 NY2d 439, 453; cf., People v Pike, 131 AD2d 890, 891, lv denied 70 NY2d 716), we cannot conclude that its display was so prejudicial as to deprive defendant of a fair trial (cf., People v Johnson, 61 AD2d 923, 924, appeal dismissed 47 NY2d 124). The model gun offered by the People was never received into evidence and, following defense counsel's objection, County Court precluded the People from making any further reference thereto. Moreover, it is clear from the prosecutor's questioning of Crenshaw and defense counsel's objection that the jury was made aware that the gun displayed by the People was not the weapon used during the robbery. There was nothing before the jury indicating that a weapon was even found on defendant and, thus, despite defendant's argument to the contrary, there was no possibility that the jury could have improperly inferred from

the display that defendant had a propensity to commit crime *(see, People v Grosz,* 75 AD2d 827). Accordingly, County Court correctly denied defendant's motion for a mistrial.

We likewise reject defendant's contention that the evidence presented by the People was legally insufficient to sustain the conviction *(see,* CPL 70.20). Although no gun was produced by the People, Crenshaw testified that after he refused to give defendant all of his money, defendant pulled from his pocket a shiny object which appeared to Crenshaw to be a gun. Crenshaw stated that he then turned over his money. Viewing this evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was sufficient to establish the essential elements of robbery in the second degree *(see,* Penal Law § 160.10 [2] [b]; § 160.00 [2] ).

We have examined defendant's remaining contention that his sentence is excessive and find it to be without merit.

Judgment affirmed. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.