■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CALDWELL, Appellant. [602 NYS2d 351] —Judgment, Supreme Court, New York County (Richard Failla, J.), rendered September 10, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a prison term of 2½ to 5 years, unanimously affirmed.

Defendant's contention that his motion to suppress should have been granted is without merit. Defendant's current argument that the arresting officer acted improperly due to professional inexperience is based on evidence adduced at trial and therefore does not provide a valid basis for an attack on the hearing court's decision *(see, People v Martinez,* 133 AD2d 572, 574, *lv denied* 70 NY2d 957). The information before the hearing court was that the officer had received field training in the identification and packaging of narcotics. In any event, the officer's observation from short range of defendant handling colored vials of what appeared to be crack cocaine, coupled with the fact that defendant did not see the officer, provided the latter with probable cause to make the arrest *(see, People v Espada,* 186 AD2d 411, 412, *lv denied* 81 NY2d 788). Furthermore, the evidence was sufficient that defendant possessed 500 milligrams or more of cocaine.

We have considered defendant's remaining contention and find it to be without merit. Concur—Carro, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.