■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFF THOMAS, Appellant. [643 NYS2d 538] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered January 5, 1993, convicting defendant, after a jury trial, ·of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of $3^1/_2$ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied. While no testimony regarding the officers' experience and training was elicited at the suppression hearing, their testimony that they observed defendant and another man huddled with their heads down, defendant passing currency to the other man and the other man pouring several red-topped vials into defendant's cupped hands, and that the two then walked away in opposite directions after defendant saw the police, was sufficient to support the finding of probable cause (*People v Caldwell*, 197 AD2d 390, *lv denied* 82 NY2d 848; *Matter of James P.*, 194 AD2d 467, *lv denied* 82 NY2d 659). Moreover, defendant's dropping of the bag containing the vials was an independent act involving a calculated risk that the drugs would be recovered (*People v Prewitt*, 120 AD2d 551), and provides an alternative justification for the seizure. Defendant's claim that the People failed to prove that he knew he possessed 500 milligrams or more of cocaine is unpreserved for appellate review (*People v Gray*, 86 NY2d 10), and we decline to review it in the interest of justice

(*People v Ivey*, 204 AD2d 16, 19, *affd* 86 NY2d 10). In any event, were we to review it, we would find such knowledge inferable from defendant's possession of almost three and a half times more than the threshold amount and the packaging of the cocaine in 41 vials (*People v Sanchez*, 86 NY2d 27, 34). Nor was the verdict against the weight of the evidence (*see, People v Noble*, 86 NY2d 814). Defendant's remaining contentions are unpreserved and without merit. Concur—Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.