■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BARRIENTOS, Appellant. [923 NYS2d 95]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered April 4, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him, as a second felony drug offender, to a term of 18 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The evidence establishes that defendant was sitting behind the wheel of an illegally parked car, and there was no indication that he was lawfully loading or unloading passengers or property. Defendant concedes that the police had the right to ask him to move the car, but argues that they had no basis for asking to see his driver's license. However, the police were entitled to ascertain if defendant, or another occupant, was a licensed driver who could legally move the car (*see People v Thomas*, 19 AD3d 32 [2005], *lv denied* 5 NY3d 795 [2005]). After the police determined that neither occupant had a license, ensuing events led them to make a plain-view observation of contraband, followed by a lawful arrest.

The court's *Sandoval* ruling, which permitted only limited inquiry into defendant's extensive criminal record, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]).

The evidentiary rulings challenged on appeal, with the notable exception of the ruling as to a hammer attached to a stick found in the trunk of the car, were proper exercises of the trial court's discretion. The hammer was not connected with the crimes charged in the indictment in any respect that would make it relevant to an issue in the case (*see People v Mirenda*, 23 NY2d 439, 453 [1969]; *People v Baker*, 103 AD2d 749, 750 [1984]). Nevertheless, any error in these rulings, or in the prosecutor's summation comments on these matters, were harmless in light of the overwhelming evidence of defendant's guilt and the fact that there was no significant probability that the defendant would have been acquitted if the hammer had been excluded (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Parker*, 125 AD2d 340, 341 [1986], *lv denied* 69 NY2d 884 [1987]).

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Acosta and Manzanet-Daniels, JJ.