# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**536**
**KA 14-01314**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANDRE AMOS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 28, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). We reject defendant's contention that Supreme Court erred in refusing to suppress physical evidence and statements made by defendant as the fruits of an allegedly unlawful approach and pursuit of defendant by the police. Two officers testified at the suppression hearing that they were on patrol together when they observed defendant leaning into a parked vehicle. Inasmuch as the vehicle was illegally parked, the officers had an objective, credible reason to approach it (*see People v Valerio*, 274 AD2d 950, 951, *affd* 95 NY2d 924, *cert denied* 532 US 981; *People v Barrientos*, 84 AD3d 549, 550, *lv denied* 17 NY3d 813). Both officers testified that they were trained to identify controlled substances, including cocaine (*see People v Caldwell*, 197 AD2d 390, 390, *lv denied* 82 NY2d 848), and that they observed a baggie in defendant's hand that they believed to contain cocaine. They further testified that they observed the cocaine before defendant started to run away. Because the officers had probable cause to seize the cocaine and arrest defendant when they observed the baggie in defendant's possession (*see People v Smith*, 134 AD3d 1568, 1568), defendant's act of discarding the baggie and its contents during the subsequent foot chase was not in response to illegal police conduct (*see People v Flemming*, 308 AD2d 385, 386, *lv denied* 1 NY3d 571). Contrary to defendant's contention, moreover, we conclude that "there

is no basis in the record to disturb the suppression court's determination to credit the testimony of the police officers" (*People v Hale*, 130 AD3d 1540, 1541, *lv denied* 26 NY3d 1088).

Finally, the sentence is not unduly harsh or severe.