OPINION OF THE COURT
Heidi C. Cesare, J.
Defendant, charged by information with one count of imitation controlled substances (Public Health Law § 3383 [2]), moves for an order dismissing the information pursuant to CPL 170.30, 170.35 and 100.40. For the reasons stated below, defendant’s motion to dismiss the information is granted.*
A. The Allegations
The accusatory instrument sworn out by Police Officer Richard Caster of the NYPD 10th Precinct provides as follows:
“I observed the defendant give the separately charged defendant . . . what appeared to me to be cocaine by placing it on the separately charged defendant’s hand. I observed the separately charged defendant sniff the cocaine.
“I am informed by Sergeant Ramon Guillen . . . that he observed the defendant drop two zips containing cocaine on the ground and step on them. I recovered those two zips of cocaine.
“I believe the substance is what it is alleged to be based upon my professional training as a police officer in the identification of drugs, my prior experience as a police officer in drug arrests, and observations of the packaging which is characteristic of this type of drug.”
B. Facial Sufficiency
To be facially sufficient, an information must contain non-hearsay factual allegations providing reasonable cause to believe that the People can prove every element of the crime charged (CPL 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133 [1987]). A court reviewing for facial sufficiency must as *561 sume that the factual allegations contained in the information are true and must consider all reasonable inferences that may be drawn from them (People v Jackson, 18 NY3d 738, 741 [2012]; see CPL 100.40 [1] [c]). Further, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
C. Public Health Law § 3383 (2)
Public Health Law § 3383 (2) provides that “[i]t shall be unlawful for any person to manufacture, sell or possess with the intent to sell, an imitation controlled substance.” “Imitation controlled substance” is defined .in subdivision (1) (c) of the same statute as:
“a substance, other than a drug for which a prescription is required . . . , that is not a controlled substance, which by dosage unit appearance, including color, shape and size and by a representation is represented to be a controlled substance, as defined in the penal law. Evidence of representations that the substance is a controlled substance may include but is not limited to oral or written representations by the manufacturer or seller, as the case may be, about the substance with regard to:
“(i) its price, nature, use or effect as a controlled substance; or
“(ii) its packaging in a manner normally used for illicit controlled substances; or “(iii) markings on the substance.”
Defendant argues that the information fails to sufficiently allege that he “represented” to the separately charged defendant that the item he handed to him was a controlled substance, such “representation” being an essential element of Public Health Law § 3383 (2). Under the statute, a representation may take the form of an oral or written representation by the seller about the substance. Oral or written representation, however, is not required. A seller may also represent a substance to be a controlled substance by its appearance and/or packaging without the necessity of any conversation. (See People v Gonell, 7 Misc 3d 438, 441 [Crim Ct, NY County 2005].)
*562 In the instant case, defendant is accused of putting an item in another person’s hand. The other person sniffed the item. The officer who observed this item states it appeared to be cocaine. When defendant was about to be arrested, he dropped two “zips” of what also appeared to be cocaine on the ground and stepped on them. The officer who observed the item placed in the other person’s hand and the “zips” that defendant dropped on the ground concluded that they appeared to be cocaine based upon his experience and the appearance and packaging of the item and the “zips.” The information is mute as to whether defendant made any oral representation regarding the item he put in the other person’s hand. The information likewise offers no description of the packaging or appearance of the item. The mere allegation that defendant placed an item that resembled cocaine in another person’s hand, an item. subsequently sniffed by the receiving person, will not permit a reasonable inference that defendant represented that the item was a controlled substance.
D. Conclusion
Absent any allegation that defendant made a representation, either by words or appearance, that the item he gave to the other person was a controlled substance, the present information charging one count of imitation controlled substances (Public Health Law § 3383 [2]) is facially insufficient. For the foregoing reasons defendant’s motion to dismiss the one count information is granted.

 In evaluating defendant’s motion, the court has considered all submissions by the parties, all documents in the court file, and all relevant cases and statutes.